Arthur Rubin, Appellee, v. Metropolitan Life Insurance Company, Appellant.

Gen. No. 41,358.

Opinion filed February 26, 1941. Rehearing denied March 10, 1941.

HOYNE, O'CONNOR & RUBINKAM, of Chicago, for appellant; NATHANIEL RUBINKAM, and WILLIAM A. CANNON, and JAMES F. FLANAGAN, both of Chicago, of counsel.

McKENNA & HARRIS, of Chicago, for appellee; JAMES J. McKENNA and LOUIS GERSHON, of Chicago, of counsel.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

Defendant Metropolitan Life Insurance Company bring this appeal from a judgment entered in the municipal court of Chicago in favor of the plaintiff Arthur Rubin for the sum of $1,152 and against defendant. Suit was brought to recover on an insurance policy issued on the life of Morris Goren, in which policy plaintiff was named as beneficiary.

Plaintiff's statement of claim alleges that plaintiff is the beneficiary under an insurance policy issued on or about September 17, 1935, by the defendant, pursuant to an application which was dated June 24, 1935; that

the insured Morris Goren died on March 18, 1937, while said policy was in full force and effect and that plaintiff as beneficiary is entitled to $1,000, the face amount of the policy.

In its affidavit of merits defendant admits the issuance of the policy and alleges that the policy was issued pursuant to an application which is attached to and made a part of the policy. In said application Morris Goren stated in response to questions therein asked, that his then condition of health was good, that he had not been sick, that he had no physical or mental defect or infirmity; that he had never been told that he had heart trouble; that he had no "usual medical attendant"; that he never had had bronchitis, cancer, tumor or disease of the heart; that he had not been attended by a physician during the last 5 years; that he had not been treated within the preceding 5 years at any dispensary, hospital or sanitarium. Morris Goren signed a certificate at the end of his application, stating that he had read the above answers before signing it and that they had been correctly answered and that they were full, true and complete.

Defendant avers that, as a matter of fact, Morris Goren had received prior medical treatment and was not in good health on the date of the application; that the above answers and representations contained in the application were false and untrue; that such representations were material to the risk, and had the defendant known the true condition of health and prior medical treatment of the applicant, it would not have issued the policy; that the policy was therefore void and the liability of the defendant was only for the amount of premiums paid on the policy, which were tendered to plaintiff.

As a further defense defendant alleges that between the date of the application, June 24, 1935, and the date of the issuance of the policy, September 17, 1935, Mor-

ris Goren had received medical treatment and that during said period there was a material change in his condition of health. That during said period his ailment had been diagnosed as cancer of the stomach and that it was the duty of the applicant to disclose to the defendant such material change in his condition of health and the medical treatments which he received between the date of the signing of the application and the issuance of the policy which he had failed to do. That by reason of his failure to disclose the material change in his condition of health and medical treatment received, the policy is void and the liability of the defendant is limited to the amount of premiums paid.

Plaintiff's theory of the case is that the sound health of the insured upon the date of the application is the only requirement and whether or not he had received any medical treatment was a question of fact for the jury, also that the insured truthfully answered the questions and was in sound health upon the date of the application and upon the date of the issuance of the policy.

The defendant contends that as a matter of fact the insured was not in sound health on the date of the application, which he subsequently found out before the issuance date of the policy when his doctors diagnosed his "pain in the stomach" as cancer or ulcer of the stomach, and that the policy sued upon is void.

Defendant also contends that as a matter of law it was the duty of the applicant to disclose to the insurer the material change in his condition of health and to disclose to the insurer the medical treatments which he received between the date of the signing of the application and the issuance of the policy.

The errors relied on for reversal are:

1. The trial court erred in refusing to grant the defendant's motion for a directed verdict at the close of all the evidence.

2. The judgment and verdict are contrary to the law and evidence, and contrary to the manifest weight of the evidence.

3. The court erred in overruling defendant's motions for a judgment notwithstanding the verdict, for a new trial and in arrest of judgment.

The evidence in this case shows that Morris Goren, the insured, made an application for life insurance with the Metropolitan Life Insurance Company and in that application stated that he lived at 453 West North avenue, Chicago, Illinois, and that he had resided at that address for 4 years; that he was born in Russia, June 29, 1882, and that his age according to his nearest birthday was 53 years; that he was a married man and that his occupation was owner of a Suit and Shoe Store at 618 Maxwell street where he sold suits and shoes; that the application for insurance was signed by the insured on June 21, 1935, and the policy was issued to him in September, 1935, for ordinary life insurance in the amount of $1,000.

The evidence further shows that the beneficiary named in said policy was his stepson Arthur Rubin whose age was set forth in the application of insurance as 32 years and whose address was given as 127½ North Central avenue.

The evidence further shows that among the other material questions asked the insured, was the following:

"Have you been attended by a physician during the last five years? If yes, give name of complaints, dates, how long sick, and names of physicians. No."

In addition to making that reply, applicant represented that his condition of health was good and that he did not have a cancer and that he had not been attended by a physician. It further appears that the policy when issued in September, 1935, had attached to it a copy of the application which was made a part of

the policy by a provision of the policy, reading as follows:

"This Policy is issued in consideration of the Application therefor, copy of which Application is attached hereto and made part hereof."

Dr. Gaberman testified that he first treated the applicant in October, 1933, and later in October, 1935. This statement of Dr. Gaberman was not denied by plaintiff's witnesses.

Dr. Frederic Tice testified that he had been practicing since 1894; that according to his records he examined Morris Goren on July 26, 1935 at the Washington Boulevard Hospital; that his examination consisted of the usual methods and some vascular findings, some cardiac findings, but mostly symptoms indicative of some gastric disturbance; that said Goren complained of severe pain in the top part of his stomach and said he had been having the complaint for 3 months; that a fluoroscope examination was made at the hospital by him on August 6, 1935, according to his record, which is an examination which can be made by means of the X-ray, without taking pictures. This witness had with him a record in his handwriting which was made by him on the day he examined said Morris Goren and the witness stated that it was a record of his findings from his diagnosis and his findings from the X-ray, the fluoroscope and said witness explained that in diagnosing by means of the fluoroscope it is necessary that the patient have an empty stomach and the patient is then given barium in milk and with the aid of the fluoroscope one can see through the body. Said witness further testified that at that time a diagnosis was made of a duodenal ulcer, which is an ulcer of the outlet to the stomach; that he could see the ulcer in the fluoroscopic examination and that according to his records he examined Goren again on August 19th, which was only a physical examination, and that Goren

returned to his office again on October 18th, when another examination was made which was a tentative diagnosis of gastric carcinoma, cancer.

Dr. Tice further testified that there is no way to determine from a medical standpoint when the onset of that condition occurred; that it is his policy always to tell the patient exactly what he believes, regardless, in every case.

The insured died on March 18, 1937, after having been operated on for carcinoma of the stomach. It is quite apparent that the statement by the insured that he had not consulted a doctor within a period of 5 years, was untrue. That being so, it deprived the defendant of an opportunity to consult the doctors who had attended the insured and thereby find out as to said insured's physical condition. We do not think a valid, enforceable contract could be based upon such misrepresentations and misstatements.

There are many parallel cases and authorities which could be cited upholding this contention, but we do not think it necessary. Suffice it to say that we do not think the evidence submitted justified the jury in returning the verdict in favor of plaintiff and against defendant.

Defendant admitted that it owed plaintiff a sum equivalent to the amount paid to said company by the insured as premiums which was $91.62 and offered to pay said amount to plaintiff. We are of the opinion that the verdict of the jury and the judgment entered thereon should have been for the amount of the premiums paid to said insurance company by the insured, namely, $91.62.

For the reasons herein given the judgment of the municipal court is reversed and judgment is entered here in favor of plaintiff for the sum of $91.62.

*Judgment reversed and judgment here.*

HEBEL, P. J., and BURKE, J., concur.