**LIFE INSURANCE COMPANY OF NORTH AMERICA**

v.

**W. V. ROBERSON, Administrator of the Estate of Mary Roberson.**

**Civ. No. 3843.**

United States District Court
S. D. Illinois, S. D.

Dec. 4, 1967.

Howard F. Boman, E. St. Louis, Ill., for plaintiff.

G. Gordon Burroughs, Edwardsville, Ill., for defendant.

## OPINION AND ORDER

ROBERT D. MORGAN, District Judge.

This cause comes before the court on plaintiff's motion for summary judgment rescinding a life insurance policy issued to Mrs. Mary W. Roberson, defendant's decedent, on the grounds that the insured made material misrepresentations but for which the plaintiff would not have issued said policy. Jurisdiction is based on diversity of citizenship.

The basic facts out of which the suit arises are not disputed. In April, 1965, the decedent applied for a $15,000 life insurance policy from the plaintiff. A photocopy of the application is attached to the complaint. It is apparent from handwriting on the face of the document that the deceased did not actually fill the blanks on the application, but defendant agrees that she did sign it, acknowledging "having read the above" and verifying that "the information therein is complete and correct." The court does not believe that the fact that Mrs. Roberson did not herself fill in the blanks is material to the disposition of this case.

Question 11 of the "Medical History" in the policy application asked whether applicant presently had or had ever had "Tumors, cancer or syphilis." The answer was "No." Question 13 asked if the applicant presently had or had ever had "X-rays or electrocardiograms, operations or hospitalization." The "Yes" answer was checked and the required explanation stated: "Routine check-up. Lab-x-ray—EKG—Dr. W. V. Roberson, Woodriver, Illinois, a few yrs. ago— Findings normal. New York Life accepted 2 yrs ago—since lapsed." Question 15 asked for "Other illnesses, injury or symptoms; examinations or treatment by any physician, practitioner, hospital, clinic or institution within the past 5 years." Again, Mrs. Roberson respond-

ed affirmatively; but under "Pertinent History (severity, dates, duration, outcome); Names, addresses of physicians, hospitals or clinics" she added only "occasional acute colds & minor ills—Dr. D. J. Wisamber, Alton, Illinois 601 E. 3rd Street."

In fact, as shown beyond dispute by deposition of Dr. W. E. Powers, who supervised the administration of the radiation therapy to her, Mrs. Roberson was treated for a "reticulum cell sarcoma at the base of the tongue" at the Mallinckrodt Institute of Radiology, St. Louis, Missouri, on twenty-two occasions between July 22 and August 21, 1964; and she returned to that Institute at least three different times between August 21, 1964, and July 15, 1965, for periodic check-ups. The plaintiff contends that Mrs. Roberson's failure to admit "tumors" or to mention her treatment at the Mallinckrodt Institute constituted material misrepresentations justifying rescission of the policy.

Ch. 73, § 766 Ill.Rev.Stat. provides in relevant part:

" * * * No such misrepresentation or false warranty shall defeat or avoid the policy unless it shall have been made with actual intent to deceive or materially affects either the acceptance of the risk or the hazard assumed by the company. * * * "

Counsel for the defendant administrator pointed out that it does not appear certain and cannot be assumed, that Mrs. Roberson knew that she had a tumor, that she regarded the radiation treatments as anything other than x-rays, or that she knew Dr. Powers was a physician rather than simply a staff member of the Mallinckrodt Institute. Defense counsel concludes that whether Mrs. Roberson actually knew her condition and intended to deceive the insurer are material questions of fact for a jury to decide; and that plaintiff's motion for summary judgment must therefore be denied.

■■ While the court agrees that whether Mrs. Roberson actually knew her condition and intended to deceive the in-

surer by her answers to questions 11, 13, and 15, are questions of fact not now determined or determinable, the court does believe that her failure to mention the multiple attendance and the treatment at the Mallinckrodt Institute in answer to question 15 constitutes a material misrepresentation. The Illinois Supreme Court has made clear that any single material misrepresentation is grounds for canceling an insurance policy, within the contestable period, even though the insured may not have intended to deceive the insurer. Campbell v. Prudential Life Insurance Co., 15 Ill.2d 308, 155 N.E.2d 9 (1958). Thus, the possibility that Mrs. Roberson may have thought that she was simply being x-rayed in connection with the treatment of an acute cold, rather than being treated for a malignant tumor, does not excuse her ignoring, even unintentionally, this extended course of treatments if this misrepresentation by omission was in fact material to the risk she was asking the plaintiff to undertake.

■■ The materiality of the misrepresentation would ordinarily, of course, be a question of fact for the jury to decide unless the court finds, as it does here, that "all persons would agree that [it is] material." La Penta v. Mutual Trust Life Insurance Co., 4 Ill.App.2d 60, 66, 123 N.E.2d 165, 168 (1954). The court considers that it simply cannot be gainsaid that the deceased's treatment for a malignant tumor would materially affect the acceptance of the risk by the company, particularly since she was still going to the Institute for check-ups when she applied for the life insurance policy.

■ Defendant also points out, and it is not disputed, that the insured did not die from the affliction with respect to which information was withheld. It appears to be settled law, at least in Illinois, that such cause of death is not necessary for the insurance company to cancel a policy. Campbell v. Prudential Life Insurance Company of America, 15 Ill.2d 308, 155 N.E.2d 9 (1958).

Accordingly, the motion is allowed and summary judgment in favor of the plaintiff is entered.